UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

LACEY, INC.,                               )
                                           )
    Declaratory Judgment Plaintiff     )
                                           )
v.                                         )
                                           )
UNI INDUSTRIES, INC.,                      )

**DECLARATORY JUDGMENT COMPLAINT
FOR PATENT INVALIDITY AND NONINFRINGEMENT**

**Introduction**

1.  Plaintiff, Lacey, Inc. (Lacey), brings a declaratory judgment action under 28 USC § 2201 against Defendant, UNI Industries, Inc. (UNI), for a declaration under the patent laws of the United States, Title 35 USC § 100 et seq., that UNI Industries, Inc. ornamental design patent U.S. D708,026 (Ex. 1) is invalid and not infringed by Lacey, Inc.

**The Parties**

2.  Lacey, Inc. is a corporation of the State of Michigan having a place of business at 9860 Cherry Valley Avenue, S.E., Caledonia, MI 49316-9521.

3.  UNI Industries, Inc., upon information and belief, is a corporation of the State of New York having a place of business in Wolcott, NY.

**Jurisdiction and Venue**

4.  This Court has jurisdiction over this matter under the Declaratory Judgment Act, Title 28, §§ 2201 and 2202, the Patent Laws of the United States, Title 35 USC § 100 et. seq. and Title 28 USC § 1338, there being an actual and continuing controversy between the parties based on UNI's assertion and threats that Lacey infringes UNI's ornamental design patent U.S. D708,026

1

(Ex. 1), and Lacey's assertion that said ornamental design patent is invalid and not infringed by Lacey.

5. This Court has personal jurisdiction over UNI which, upon information and belief, does business in this district, offering its products for sale to prospective customers in the Western District of Michigan.

6. Venue is proper in this district under 28 USC §§ 1391 (b), (c) and § 1400 (b).

**Facts**

7. UNI Industries, Inc. has accused Lacey, Inc. of infringing its United States ornamental design patent D708,026 in a letter dated August 14, 2015 from Dennis J. Sullivan, attorney for UNI Industries, Inc. (Ex. 2). In the Exhibit 2 letter, attorney Sullivan threatens litigation, stating that,

"It is UNI's policy to vigorously enforce its exclusive rights in its products. Accordingly, UNI hereby demands that Lacey, Inc. take steps to phase out the sale of the Lacy Mat Products to reduce or eliminate inventory by December 1, 2015 and agree to pay a reasonably royalty on products sold since July 1, 2014, and respond to us on this issue in writing by September 11, 2015. If we do not receive a response by that date, we will assume that Lacey, Inc. plans to continue its infringing behavior."

8. Specifically, UNI has asserted that Lacey's "LakeMat-Pro, MuckMat-Pro and BoatLift-Mat" infringe UNI's ornamental design patent.

9. UNI's counsel states in his August 14, 2015 letter:

> Our client's Water Weed Mat has achieved great commercial success based, in large part, on its "picture frame" design around the perimeter of the mat that provides superior performance to other seaweed mats.

10. UNI's counsel goes on to state:

> "On July 1, 2014, the United States Patent & Trademark Office issues U.S. ornamental design patent D708,026, entitled "Underwater Weed Tarp" (attached), protecting the "picture frame" design of the Water Weed Mat.

11. UNI's Exhibit 1 patent application was filed on May 30, 2012.

12. UNI is not the first to employ a perimeter frame around a mat. In the spring of 2011, Lacey developed "perimeter frames" for its LakeMats, MuckMats and BoatLift-Mats. On May 23, 2012, Lacey took photographs of its perimeter frame and perimeter frame mat (Ex. 3).

13. In addition to the prior invention and development by Lacey, Inc., additional prior art is attached as Exhibit 4 to this Complaint. None of this prior art was considered by the Patent Office Examiner in granting the '026 patent.

14. The frame design disclosed in the UNI '026 ornamental design patent includes a central cross piece (Figs 3 and 4). Lacey's perimeter frame mats never included a central cross piece.

15. Lacey's mats as currently made include outwardly bowed frame members, and use a corner treatment which is distinctly different from that shown in the UNI '026 ornamental design patent.

16. Figures taken from the UNI '026 ornamental design patent compared to figures drawn showing the Lacey frames are attached as Exhibit 5.

17. Lacey is threatened by the assertions of UNI through its counsel in the Exhibit 1 letter of August 14, 2015.

18. Lacy. is injured and continues to be injured as a result of having to defend itself against the assertions and threats made by UNI in its August 14, 2015 letter.

19. There is a substantial and continuing controversy between UNI and Lacey, Inc. and a declaration of rights is both necessary and appropriate to establish that the UNI '026 ornamental design patent is invalid and not infringed by Lacey, Inc.

## COUNT I
## DECLARATORY JUDGMENT FOR INVALIDITY
## OF UNI ORNAMENTAL DESIGN PATENT D708,026
## FOR FUNCTIONALITY

20. The foregoing paragraphs 1-19 are incorporated herein by reference.

21. The design patent statute provides that a design patent may be granted for any "new, original and ornamental design for an article of manufacture." 35 USC § 171

22. A design patent protects only the nonfunctional aspects of an ornamental design as shown in a patent.

23. The UNI patented design is primarily functional, rather than ornamental.

24. UNI admits that its ornamental "picture frame" design is primarily functional when it asserts that its "water weed mat has achieved great commercial success based, in large part, on its 'picture frame' design around the perimeter of the mat that provides superior performance to other seaweed mats."

25. The UNI '029 ornamental design patent is invalid for functionality.

## COUNT II
## INVALIDITY OVER THE PRIOR ART

26. The above paragraphs 1-19 are incorporated herein by reference.

27. UNI's ornamental design patent '026 is a pre-AIA patent, in that it was filed on May 30, 2012.

28. As a pre-AIA patent, the UNI '026 ornamental design patent is invalid over Lacey's prior invention thereof under pre-AIA 35 USC § 102(g).

29. The UNI ornamental design patent is invalid over prior art disclosing perimeter framed mats more than one year prior to the May 30, 2012 filing date thereof, under 35 USC § 102(b) or § 103.

## COUNT III
## NONINFRINGEMENT OF THE '026 ORNAMENTAL DESIGN PATENT

30. Prior paragraphs 1-19 are incorporated herein by reference.

31. The test for determining infringement of an ornamental design patent is whether, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the patented and accused designs, as a whole, are substantially the same, and the resemblance is such as to deceive the observer, inducing him or her to purchase one supposing it to be the other.

32. As indicated in paragraphs 14-16 above, and in Exhibit 5, Lacey's mats are not substantially the same as UNI's '026 patented design.

33. Lacey's mats do not infringe the UNI '026 ornamental design patent.

## PRAYER FOR RELIEF

WHEREFORE, Lacey respectfully requests that the Court enter judgement as follows:

A. declaring that the '026 ornamental design patent is invalid for functionality;

B. declaring that the '026 ornamental design patent is invalid under 35 USC § 102 or § 103;

C. declaring that the Lacey accused mats do not infringe the UNI '026 ornamental design patent;

D. awarding Lacey its costs, expenses and reasonable attorneys' fees pursuant to 35 USC § 285;

E. awarding Lacey such other relief that the Court deems just and proper under the circumstances.

Respectfully submitted,

Date: 10/29/2015

*James A. Mitchell*

James A. Mitchell
Amanda M. Osorio
MITCHELL INTELLECTUAL PROPERTY LAW, PLLC
1595 Galbraith Avenue, S.E.
Grand Rapids, MI 49546
(616) 965-2431