BARCLAY DAMON LLP

Denis J. Sullivan
*Partner*

August 14, 2015

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Mr. Douglas Fast
Lacey, Inc.
9860 Cherry Valley Ave. SE
Caledonia MI 49316-9521

Dear Mr. Fast:

    This office represents UNI Industries, Inc. ("UNI"), manufacturer of the Water Weed Mat (http://www.waterweedmat.com/), in intellectual property matters. Our client's Water Weed Mat has achieved great commercial success based, in large part, on its "picture frame" design around the perimeter of the mat that provides superior performance to other seaweed mats. On July 1, 2014, the United States Patent & Trademark Office issued U.S. Design Patent No. D708,026, entitled "Underwater Weed Tarp" (attached), protecting the "picture frame" design of the Water Weed Mat.

    It has come to our attention that Lacey, Inc. is selling a number of seaweed mat products that also incorporate a "picture frame" design. For example, your website (www.lakemat.com), offers for sale the LakeMat-Pro, MuckMat-Pro, and BoatLift-Mat ("Lacey Mat Products"), each of which incorporate a "picture frame" design. In addition to reviewing product designs for the Lacey Mat Products on your website, we have also obtained an actual LakeMat-Pro to inspect at our offices. Based on our review and inspection of the Lacey Mat Products, including the designs of the "picture frames" used in those designs, we believe that the Lacey Mat Products infringe upon U.S. Design Patent No. D708,026 under at least 35 U.S.C. § 271(a)("(a)("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.")

    It is UNI's policy to vigorously enforce its exclusive rights in its products. Accordingly, UNI hereby demands that Lacey, Inc. take steps to phase out the sale of the Lacey Mat Products to reduce or eliminate inventory by December 1, 2015 and agree to pay a reasonably royalty on products sold since July 1, 2014, and respond to us on this issue in writing by September 11, 2015. If we do not receive a response by that date, we will assume that Lacey, Inc. plans to continue its infringing behavior.

    While UNI prefers to resolve disputes such as this under mutually beneficial business relationships, UNI will continue to protect and enforce its intellectual property rights if

Mr. Douglas Fast
August 14, 2015
Page 2

necessary. If Lacey, Inc. is interested in discussing the possibility of such alternative business solutions, including paying a reasonable royalty on future sales, please contact me and I will coordinate discussions with the appropriate representatives at UNI.

In the meantime, if you have any questions, please do not hesitate to contact me.

Very truly yours,

Denis J. Sullivan

Enclosures:
U.S. Patent No. D708,026

Cc:   Bryan Klekota, UNI Industries, Inc.